UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUSTIN DALE PETERSON                                                             PETITIONER

VERSUS                                              CIVIL ACTION NO. 1:19CV89-LG-RHW

JOE ERRINGTON                                                                    RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the undersigned is Justin Dale Peterson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. [1]. On March 5, 2012, Peterson pleaded guilty in Pearl River County Circuit Court to the charge of armed robbery. Doc. [8-3] & [10-1]. By Order filed on March 13, 2012, the circuit court sentenced Peterson to serve a 25-year prison term in the custody of the Mississippi Department of Corrections. Doc. [8-4]. Peterson filed two motions for post-conviction collateral relief in state court. He filed the first post-conviction motion on March 3, 2014 (with a signature date of January 6, 2014). Doc. [1] at 3; Doc. [9-1] at 30-52. He filed his second post-conviction motion on March 3, 2017 (with a signature date of February 23, 2017). Doc. [1] at 4 Doc. [9-8] at 6-25. Ultimately, the state trial court denied both post-conviction motions. Doc. [9-1] at 59-67; Doc. [9-8] at 51-61.

Petitioner filed the instant § 2254 petition on February 25, 2019, challenging the underlying conviction and sentence. Respondent filed a motion to dismiss asserting that Peterson did not file his § 2254 petition within one year of his conviction and sentence becoming final. Accordingly, Respondent argues the petition is untimely pursuant to the Anti-terrorism and Effective Death Pentaly Act's (AEDPA) one-year limitation period. Doc. [8]. Peterson has filed a response in opposition asserting "there was no adjudication of guilt or judgment of conviction." Doc. [10]. Thus, he argues there was no final judgment to begin the running of the one-year time limit.

## LAW AND ANALYSIS

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the trial court entered a sentencing order dated March 12, 2012, with a file stamp date of March 13, 2012. Doc. [8-4]. Under applicable Mississippi law, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Accordingly, for purposes of calculating the AEDPA's one-year limitation period, Peterson's conviction and sentence became final on March 13, 2012. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Absent tolling, Peterson's § 2254 petition would need to be filed by March 13, 2013, to be timely. Peterson did not file his first application for post-conviction relief in state court until March 3, 2014, nearly one year after the expiration of the AEDPA's one-year limitation. *See* Doc. [13-5]. Even using the signature date of January 6,

2014, Peterson's state court petition was filed nearly 10 months after the deadline for filing a timely § 2254 petition. Peterson's second petition was not filed until March 3, 2017, nearly four years beyond the deadline. Thus, his untimely state applications for post-conviction relief do not operate to toll the AEDPA's one-year limitation period.

Peterson filed the instant federal habeas petition on February 25, 2019, almost six years beyond the deadline for filing a timely §2254 petition. In the § 2254 petition, Peterson does not allege that his petition was timely filed. Nor does Peterson dispute the time line as presented in Respondent's motion. He merely argues that the circuit court did not make an adjudication of guilt or enter a final judgment of conviction; therefore, his conviction never became final for purposes of calculating the AEDPA's one-year limitation period. Contrary to Peterson's assertion, the Pearl River County Circuit Court entered a sentencing order on March 13, 2012, finding that Peterson entered a valid guilty plea and imposing sentence. Accordingly, unless Peterson identifies some exception to the limitation period, his petition is time-barred and should be dismissed with prejudice.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Peterson fails to allege or argue any extraordinary circumstance that would justify equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). He does not allege or argue that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing the petition.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [8] Motion to Dismiss be GRANTED and that Justin Dale Peterson's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 15th day of November 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE